Ruben A. Castellon (State Bar No. 154610)
STANZLER FUNDERBURK & CASTELLON LLP
180 Montgomery Street, Suite 1700
San Francisco, CA 94104
Telephone: (415) 677-1450
Facsimile: (415) 677-1476

Attorneys for Defendant Velan Valve Corporation

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMERCE AND INDUSTRY INSURANCE COMPANY, a New York corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>VELAN VALVE CORPORATION, a Vermont corporation; and DOES 1 through 25, inclusive,<br><br>　　　　　Defendants. | Case No.<br><br>C 07 3705<br><br>NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. sections 1441, 1446 |

　　　　Defendant Velan Valve Corporation hereby files this Notice of Removal of the above entitled action, which was filed under the caption of *Commerce and Industry Insurance Company v. Velan Valve Corporation*, in the Superior Court of California, County of Solano, Case No. FCS029675.

　　　　1.　　This Court has jurisdiction by virtue of the diversity of citizenship of the parties, under 28 U.S.C. section 1332.

　　　　2.　　In the action entitled *Commerce and Industry Insurance Company v. Velan Valve Corporation*, in the Superior Court of California, County of Solano, Case No. FCS029675, Plaintiff Commerce and Industry Insurance Company alleges that it is a New York corporation authorized to transact insurance business in the State of California and that the Defendant Velan Valve Corporation is a Vermont corporation doing business in Benicia, County of Solano.

　　　　3.　　The amount in controversy exceeds $75,000, as Plaintiff Commerce and

1 | Industry Insurance Company seeks damages in excess of $93,000.

2 |     4.    Plaintiff Commerce and Industry Insurance Company purported to serve Defendant Velan Valve Corporation by substituted service by serving a copy of the Summons and Complaint on the wrong person who was not the agent of service in Benicia, California on June 15, 2007. Thereafter, the complaint was mailed to the defendant on June 19, 2007.

    5.    A copy of all process purportedly served upon Defendant is attached to this Notice.

    6.    Defendant will provide written notice of the filing of this Notice, as required by 28 U.S.C section 1446(d).

WHEREFORE, Defendant respectfully requests that this action proceed in this Court.

Respectfully Submitted

STANZLER FUNDERBURK & CASTELLON LLP

By: _____
        Ruben A. Castellon

Attorneys for Defendant Velan Valve Corporation

```
 1  Marcus F. Chaney, Esq. [245227]
    LERNER & WEISS
 2  A Professional Corporation
    21550 Oxnard Street, Suite 1060
 3  Woodland Hills, California 91367

 4  Telephone: (818) 986-0893 * Facsimile: (818) 385-3576

 5  File No.: 12890

 6  Attorneys for Plaintiff COMMERCE AND INDUSTRY INSURANCE COMPANY,
    a New York corporation
 7
```

### SUPERIOR COURT FOR THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF SOLANO - UNLIMITED

| | |
|---|---|
| COMMERCE AND INDUSTRY INSURANCE COMPANY, a New York corporation, <br><br> Plaintiff, <br><br> vs. <br><br> VELAN VALVE CORPORATION, a Vermont corporation; and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No. FCS0 29675 <br><br> COMPLAINT FOR DAMAGES <br><br> (Breach of Contract; Common Counts) |

Plaintiff, COMMERCE AND INDUSTRY INSURANCE COMPANY, a New York corporation, alleges as follows:

### DEFINITIONS AND PRELIMINARY ALLEGATIONS:

1. Plaintiff is a corporation organized and existing under the laws of the State of New York and is duly authorized to transact insurance business in the State of California.

2. On information and belief, defendant VELAN VALVE CORPORATION, is, or holds itself out as a Vermont corporation, doing business in the City of Benicia, County of Solano, State of California.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants herein designated DOES 1 through 25, inclusive, are unknown to

---

COMPLAINT
F:\Work\C&I\Velan Valve Corp\Pleadings\07.05.21_Complaint.doc

Page 1
Printed On Recycled Paper

plaintiff. Plaintiff will ask leave of the court to amend this Complaint to show their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages were proximately caused by their conduct.

4. On information and belief, at all times herein mentioned, defendants, and each of them were and are the duly authorized agents, co-partners, co-tenants, and co-lessees of each of the said co-defendants, and at all times herein mentioned acted within the course and scope of such agency, partnership, co-tenancy and lease; and each of the acts performed by each of the said co-defendants as hereinafter alleged was done with the express or implied consent of the other said co-defendants and for the common benefit of all said co-defendants.

5. On information and belief, there exists now, and there has existed at all times mentioned herein, a unity of interest and ownership by and between VELAN VALVE CORPORATION, and DOES 1 through 25, inclusive, and each of them so that any individuality and separateness between said defendants, if ever any existed, has ceased; that each of said defendants is the alter ego of the other; and that any adherence to the fiction of the separate existence of each of said defendants as distinct from the remainder of said defendants would sanction the wrongful conduct complained of herein.

6. The obligations and claims sued upon herein were made and entered into and are due and payable in the above-mentioned judicial district and county, State of California, and are not subject to the provisions of §§1812.10 and 2984.4 of the California Civil Code, and §395(b) of the California Code of Civil Procedure.

### FIRST CAUSE OF ACTION
(Breach of Contract)
(Against All Defendants)

7. Paragraphs 1 through 6, inclusive, above are incorporated herein as if fully set forth.

8. As used herein, the term, "the debt I" refers to the sum of $883.00.

9. As used herein, the term "Insurance Policy I" refers to policy no. WC 968-45-70.

10. As used herein, the term "due date I" refers to the date of May 18, 2006.

11. Within four years preceding the commencement of this action, at the special instance and request of defendants, plaintiff sold, issued and delivered to defendants Insurance Policy I in writing.

12. Plaintiff has performed everything on its part to be performed under Insurance Policy I.

13. By reason of the foregoing, defendants became indebted to plaintiff in the amount of the debt for the balance of the insurance premiums earned by plaintiff, being the agreed consideration for the issuance and delivery of Insurance Policy I. Said balance has not been paid although payment has been demanded, and there is now due, owing and unpaid from said defendants, and each of them, to plaintiff the amount of $883.00, together with interest thereon at the legal rate from the due date I.

**SECOND CAUSE OF ACTION**
(Open Book Account)
(Against All Defendants)

14. Paragraphs 1 through 6, and 8 through 13, inclusive, above are incorporated herein as if fully set forth.

15. Within four years preceding the commencement of this action, defendants became indebted to plaintiff in the amount of debt I for a balance due on a book account for insurance premiums earned as a result of the sale, issuance and delivery of Insurance Policy I by plaintiff to defendants at defendants' request. Debt I has not been paid although payment has been demanded, and said debt is now due, owing and unpaid, together with interest thereon at the legal rate, from due date I.

**THIRD CAUSE OF ACTION**
(Account Stated)
(Against All Defendants)

16. Paragraphs 1 through 6, 8 through 13, and 15, inclusive, above are incorporated herein as if fully set forth.

17. Within four years preceding the commencement of this action, an account was stated by and between plaintiff and defendants, and each of them, wherein it was ascertained and

/////

1  agreed that defendants owed debt I to plaintiff together with interest thereon at the legal rate
2  from due date I.

### FOURTH CAUSE OF ACTION
(Reasonable Value)
(Against All Defendants)

18. Paragraphs 1 through 6, 8 through 13, 15, and 17, inclusive, above are incorporated herein as if fully set forth.

19. Within two years preceding the commencement of this action, defendants, and each of them, became indebted to plaintiff in the sum of the debt for the reasonable value of insurance premiums earned by plaintiff as a result of the sale, issuance and delivery of the insurance policy to defendants at defendants' request. Debt I was and is the reasonable value of the earned premiums. No part of debt I has been paid although payment has been demanded, and debt I is now due, owing and unpaid together with interest at the legal rate from due date I.

### FIFTH CAUSE OF ACTION
(Breach of Contract)
(Against All Defendants)

20. Paragraphs 1 through 6, inclusive, above are incorporated herein as if fully set forth.

21. As used herein, the term, "the debt II" refers to the sum of $92,624.00.

22. As used herein, the term "Insurance Policy II" refers to policy no. WC 968-45-69.

23. As used herein, the term "due date II" refers to the date of November 3, 2006.

24. Within four years preceding the commencement of this action, at the special instance and request of defendants, plaintiff sold, issued and delivered to defendants Insurance Policy II in writing.

25. Plaintiff has performed everything on its part to be performed under Insurance Policy II.

26. By reason of the foregoing, defendants became indebted to plaintiff in the amount of debt II for the balance of the insurance premiums earned by plaintiff, being the agreed consideration for the issuance and delivery of Insurance Policy II. Said balance has not been

1  paid although payment has been demanded, and there is now due, owing and unpaid from said
2  defendants, and each of them, to plaintiff the amount of $92,624.00, together with interest
3  thereon at the legal rate from due date II.

### SIXTH CAUSE OF ACTION
(Open Book Account)
(Against All Defendants)

27. Paragraphs 1 through 6, and 21 through 26, inclusive, above are incorporated herein as if fully set forth.

28. Within four years preceding the commencement of this action, defendants became indebted to plaintiff in the amount of debt II for a balance due on a book account for insurance premiums earned as a result of the sale, issuance and delivery of Insurance Policy II by plaintiff to defendants at defendants' request. Debt II has not been paid although payment has been demanded, and said debt is now due, owing and unpaid, together with interest thereon at the legal rate, from due date II.

### SEVENTH CAUSE OF ACTION
(Account Stated)
(Against All Defendants)

29. Paragraphs 1 through 6, 21 through 26, and 28, inclusive, above are incorporated herein as if fully set forth.

30. Within four years preceding the commencement of this action, an account was stated by and between plaintiff and defendants, and each of them, wherein it was ascertained and agreed that defendants owed debt II to plaintiff together with interest thereon at the legal rate from due date II.

### EIGHTH CAUSE OF ACTION
(Reasonable Value)
(Against All Defendants)

31. Paragraphs 1 through 6, 21 through 26, 28, and 30, inclusive, above are incorporated herein as if fully set forth.

32. Within two years preceding the commencement of this action, defendants, and each of them, became indebted to plaintiff in the sum of debt II for the reasonable value of insurance premiums earned by plaintiff as a result of the sale, issuance and delivery of insurance

1  policy II to defendants at defendants' request. Debt II was and is the reasonable value of the
2  earned premiums. No part of debt II has been paid although payment has been demanded, and
3  debt II is now due, owing and unpaid together with interest at the legal rate from due date II.
4      WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as
5  follows:
6      A.   On the First through Fourth Causes of Action:
7      1.   For damages, in the sum of $883.00, together with interest thereon at the legal
8  rate of ten percent (10%) per annum from May 18, 2006;
9      2.   For costs of suit incurred herein;
10     3.   For such other and further relief as the Court may deem just and proper.
11     B.   On the Fifth through Eighth Causes of Action:
12     1.   For damages, in the sum of $92,624.00, together with interest thereon at the legal
13 rate of ten percent (10%) per annum from November 3, 2006;
14     2.   For costs of suit incurred herein;
15     3.   For such other and further relief as the Court may deem just and proper.
16 Dated: May 21, 2007              LERNER & WEISS
17                                  A Professional Corporation
18
19 By: *Marcus F. Chaney*
    MARCUS F. CHANEY
20  Attorneys for Plaintiff COMMERCE AND
    INDUSTRY INSURANCE COMPANY
21
22
23
24
25
26
27
28

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SOLANO

Plaintiff(s): Commerce & Industry Ins. Co

Defendant(s): Velan Valve Corporation

CASE NO. FCS029635

**NOTICE OF CASE MANAGEMENT CONFERENCE**

☒ ONE  ☐ TWO  [ ] _____

Pursuant to local rules and by order of this court, this matter has been calendared for Case Management Conference:

DATE: 11/20/07

TIME: 8:30 AM

LOCATION:
☐ 600 Union Avenue, Fairfield, CA 94533
☒ 321 Tuolumne Street, Vallejo, CA 94590

THE ABOVE-ENTITLED CASE HAS BEEN ASSIGNED TO

JUDGE Beeman, DEPT. 1

FOR ALL PURPOSES.

**THE OBLIGATIONS OF COUNSEL, OR ANY PARTY NOT REPRESENTED BY COUNSEL, IN REGARD TO CASE MANAGEMENT CONFERENCE ONE AND CASE MANAGEMENT CONFERENCE TWO ARE AS FOLLOWS:**

1) Service of the complaint must be within sixty (60) calendar days.

2) Service of responsive pleading must be within thirty (30) days after service of the complaint. The time for filing responsive pleading may not be extended except as authorized by Government Code section 68616.

3) Plaintiff shall serve a copy of **Notice of Case Management Conference One** on all defendants with the complaint.

4) Any party serving a cross-complaint shall serve a copy of **Notice of Case Management Conference One** on each cross-defendant with the cross-complaint.

5) Any cross-complaint served after Case Management Conference One has been held shall have a **Notice of Case Management Conference Two** served with it.

6) A **Case Management Statement** shall be filed with the court and served on all parties by each counsel by the 15th calendar day before the date set for Case Management Conference One.

7) At Case Management Conference One the court shall inform counsel of the date, time and place for Case Management Conference Two and shall make any orders regarding what is expected that counsel will accomplish in regard to the case before the filing of the Case Management Statement for Case Management Conference Two.

8) Each counsel shall complete, file, and serve on all parties a completed **Case Management Statement** by the 15th calendar day before the date set for Case Management Conference Two.

9) At any Case Management Conference, counsel shall be completely aware of all procedural, factual, and legal aspects of the case, and have full authority to discuss and resolve any issues that arise at the conference, including settlement of the case.

10) The court may impose sanctions in the event that a Case Management Statement is not timely filed and/or served, or is not fully completed, or the requirements of #9, above, are not met.

**COUNSEL ARE OBLIGATED TO REVIEW AND COMPLY WITH LOCAL RULES REGARDING CIVIL LITIGATION.**

NOTICE OF CASE MANAGEMENT CONFERENCE

Form #900  Rev. 5/02

P-3

SUM-100

# SUMMONS
## (CITACIÓN JUDICIAL)

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):
VELAN VALVE CORPORATION, a Vermont corporation, and DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
COMMERCE AND INDUSTRY INSURANCE COMPANY, a New York corporation

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED FILED
SOLANO SUPERIOR COURT
07 JUN -1 PM 3:28
LINDA S. ASHCRAFT
BY S Baker
DEPUTY CLERK

ASSIGNED TO
JUDGE _____
FOR ALL PURPOSES

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
(El nombre y dirección de la corte es):
SUPERIOR COURT FOR THE STATE OF CALIFORNIA, COUNTY OF SOLANO
321 Tuolumne Street
321 Tuolumne Street
Vallejo, CA 94590
Vallejo Branch Court

CASE NUMBER:
(Número del Caso): FCS029675

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Marcus F. Chaney, Esq.          (818) 986-0893     (818) 385-3576
LERNER & WEISS
21550 Oxnard Street, Suite 1060
Woodland Hills, CA 91367

DATE: JUN - 1 2007          Clerk, by S Baker , Deputy
(Fecha)                     (Secretario)          (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): Velan Valve Corporation, A Vermont Corporation
   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

**PROOF OF SERVICE**
[C.C.P. § 1013, C.R.C.§ 2008, F.R.C.P. Rule 5]

I, Sharran L. Rodd, state:

I am a citizen of the United States. My business address is 180 Montgomery Street, Suite 1700, San Francisco, CA 94104-4205. I am employed in the City and County of San Francisco where this mailing occurs. I am over the age of eighteen years and not a party to this action. On the date set forth below, I served the foregoing documents described as:

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. sections 1441, 1446

on the following person(s) in this action by FIRST CLASS MAIL addressed as follows:

Marcus F. Chaney, Esq.
Lerner & Weiss
21550 Oxnard Street, Suite 1060
Woodland Hills, CA 91367

X : BY FIRST CLASS MAIL - I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to-wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing this date, following ordinary business practices.

: BY FACSIMILE - I caused said document to be transmitted by Facsimile machine to the number indicated after the address(es) noted above.

: BY PERSONAL SERVICE - I served each envelope(s) by hand to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this date at San Francisco, California.

Dated: July 18, 2007

_____
Sharran L. Rodd